State ex rel. West, Atty. Gen., v. Frame et al., State Board of Affairs.

125 Pac. 1129.  That the sewer pipes were broken near the lands cultivated by plaintiff was not denied.  That the water ran out of the manholes to such an extent that they bore the appearance of artesian wells is shown by the testimony of two witnesses for the plaintiff.  That this was the result of defendant's negligence, in either the construction or maintenance of the sewer, cannot seriously be denied.  We have carefully read the testimony of all witnesses, and cannot escape the conclusion that the liability of the city was clearly shown.  While the testimony in some of its material aspects was conflicting, there was sufficient evidence to warrant the court's judgment.

The judgment of the trial court should be affirmed.

By the Court:  It is so ordered.

---

STATE *ex rel.* WEST, Atty. Gen., v. FRAME *et al.,* State Board of Affairs.

No. 2222.  Opinion Filed November 19, 1912.

(128 Pac. 1132.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by the State, on relation of Charles West, Attorney General, against Lon M. Frame and others, constituting the State Board of Affairs.  Judgment for defendants, and plaintiff brings error.  Reversed, and cause dismissed.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for the State.

*J. T. Dickerson,* for defendant in error.

Opinion by AMES, C.  Stipulation has been filed in this case, by which the parties agree that the judgment of the lower court sustaining the demurrer to the plaintiff's petition and dismissing the cause may be reversed, and that the case may there-

upon be dismissed without prejudice to the rights of the state to further litigate the question raised by the petition and demurrer. Pursuant to said stipulation, the judgment of the trial court is reversed, and the cause is here dismissed without prejudice to the rights of the state to further litigate the questions involved.

By the Court: It is so ordered.